**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Richard Pereanu, et al.,<br>Plaintiffs,<br>v.<br>County of Pinal, et al.,<br>Defendants. | No. CV-26-03321-PHX-MTL<br>**ORDER** |

Before the Court is Defendants Pinal County, Pinal County Assessor Wolf, and the Pinal County Board of Supervisors' Motion for Judgment on the Pleadings (Doc. 24).

**I**

The Court takes the following facts, liberally construed, from *pro se* Plaintiffs Richard and Cari Pereanu's Complaint (Doc. 1). *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Plaintiffs own a ranch in Pinal County Arizona. They applied to have their ranch classified as high-density agricultural for tax and building purposes. Defendants denied the application.

Years later, Defendants claimed that the ranch was illegal. Plaintiffs pursued all administrative remedies available to them regarding "agricultural classification, taxation and enforcement matters." They then sought relief and obtained favorable judgments in various state court proceedings. It appears that Plaintiffs eventually obtained a favorable agricultural classification for their ranch.

In response to Plaintiffs' success in state court, they allege that Defendants drafted

new ordinances and raised additional challenges to the ranch's agricultural classification. Defendants eventually removed the ranch's classification in 2025. When Plaintiffs asked why, Defendants allegedly responded with two justifications: (1) the cows on the ranch would have to walk too far to graze, and (2) "when you go to court process & get AG status only those years and no we do not agree with what court decided."

Plaintiffs filed suit in May 2026 asserting four claims against Defendants under 42 U.S.C. § 1983: first amendment retaliation, equal protection, procedural due process, and municipal liability. Plaintiffs seek compensatory and punitive damages, injunctive relief, and declaratory relief.

Defendants answered and filed their Motion for Judgment on the Pleadings. (Doc. 24). In their Motion, Defendants assert, among other things, that the Court lacks subject matter jurisdiction to adjudicate these claims under the Tax Injunction Act, 28 U.S.C. § 1341, and related principles of comity and federalism. The Motion is fully briefed, and the Court finds a hearing unnecessary because oral argument would not aid the decisional process. *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* Fed. R. Civ. P. 78(b); LRCiv 7.2(f).

**II**

Like a motion to dismiss, a motion for judgment on the pleadings can challenge a court's subject matter jurisdiction. Fed. R. Civ. P. 12(c), (h)(3). Federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They can only hear the types of cases and controversies that they are constitutionally and statutorily permitted to hear. *Id.* Congress can, thus, divest federal courts of their jurisdiction over certain types of claims. *See id*; *Mullin v. Doe*, 609 U.S. 324, 353 (2026) (Thomas, J., concurring) ("Congress has the authority to deprive district courts of jurisdiction to decide particular kinds of claims.")

The Tax Injunction Act is an example of this divestiture. The Act provides that a district court "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of

such State." 28 U.S.C. § 1341. The Act "has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations." *Tully v. Griffin, Inc.*, 429 U.S. 68, 73 (1976). "The Supreme Court repeatedly has characterized the Act as a broad jurisdictional barrier, which limits drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes." *Lowe v. Washoe County*, 627 F.3d 1151, 1155 (9th Cir. 2010) (citation modified). The Act "prohibits both declaratory and injunctive relief as well as § 1983 suits for damages." *Id.* (citation modified).

**III**

Defendants argue the Tax Injunction Act prohibits Plaintiffs' suit because their claims challenge local taxation and assessment decisions and Plaintiffs have an adequate state court remedy. Plaintiffs concede that the Act and related federalism principles generally bar suits challenging local tax assessment. But they contend that the Act does not apply here because the agricultural classification has non-tax consequences and Plaintiffs' claims challenge Defendants' discriminatory and retaliatory conduct rather than Defendants' tax enforcement.

Plaintiffs first argue that because the County also uses the Assessor's tax classification for building code enforcement, their suit extends beyond taxes, and the Act does not apply. But Plaintiffs' claims all challenge the constitutionality of the ranch's classification. And as Plaintiffs concede, the "County Assessor determines . . . agricultural classification for tax purposes." (Doc. 25 at 4.) Regardless of what other downstream consequences of the classification Plaintiffs complain of, to prevail in their claims the Court must conclude that the Assessor's agricultural classification, and thus the County's tax assessment, is unconstitutional. Under the Act and related federalism principles, the Court lacks the power to do so.

Plaintiffs also argue that the Act does not apply because their claims challenge Defendants' allegedly unconstitutional conduct rather than the tax classification itself. But the Supreme Court has rejected this argument. *Fair Assessment in Real Est. Ass'n v.*

*McNary*, 454 U.S. 100 (1981). In *Fair Assessment*, the Supreme Court held that the district court properly dismissed the petitioners' claims of unequal and retaliatory tax classifications and assessments because for petitioners to prevail the district court would have needed to declare that the underlying tax assessment was unconstitutional. *Id.* at 114-15. As the Supreme Court explained, even though the constitutional claims were "necessarily based upon a finding of bad faith," federal court intervention would "in every practical sense operate to suspend collection of the state taxes." *Id.*; *see also Online Merchs. Guild v. Maduros*, 52 F.4th 1048, 1501-52 (9th Cir. 2022) ("The [Act] precludes suits in federal court where the requested relief would 'to some degree stop' the assessment or collection of a state tax." (quoting *Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 7, (2015))). Plaintiffs' claims here fare no better.

Finally, Plaintiffs do not argue that the remedies afforded to them in state court are not plain, speedy, and efficient. Nor could they, as they allege that they have repeatedly prevailed in state court actions on related classification and assessment issues. And they concede that "Arizona law provides judicial review of property classification as well as valuation." (Doc. 25 at 5.)

At bottom, Plaintiffs ask this Court to restrain the assessment of a state tax. Under the Tax Injunction Act and related principles of federalism, the Court cannot do so. As such, the Court will grant Defendants' Motion. Because the Court concludes that it lacks jurisdiction, it will not reach the merits of Plaintiffs' claims. *Ex parte McCardle*, 74 U.S. 506, 514 (1868) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

**IV**

In their response brief, Plaintiffs request an opportunity to seek leave to amend their Complaint. Where a district court grants a motion for judgment on the pleadings, it may, in its discretion, provide leave to amend. *See Johnson v. Clovis Unified Sch. Dist.*, No. 1:04-CV-6719 AWI DLB, 2007 WL 1456062, at *5 (E.D. Cal. May 17, 2007). The Court

may, however, "exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party and futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (citation modified) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court will deny leave to amend here because it finds amendment would be futile and unfairly prejudicial to Defendants. Amendment would be futile because the Court does not have subject matter jurisdiction to grant Plaintiffs the relief they seek. The Court also finds that amendment would unfairly prejudice Defendants. At the Court's scheduling conference, Defendants sought an extended timeline to adjudicate this case. But at Plaintiffs' request the Court set expedited deadlines. Permitting amendment would delay this case by months and would require extending the deadlines that Plaintiffs insisted must come sooner. The Court finds that it would be unfairly prejudicial to set expedited deadlines at Plaintiffs' request and then extend them for Plaintiffs' benefit. As such, the Court will not grant Plaintiffs leave to amend.

## V

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. 24) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to enter judgment in Defendants' favor and close this case.

Dated this 23rd day of November, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge